**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZUMAR DUBOSE, | |
| Plaintiff, | Civ. No. 24-7862 (GC)(TJB) |
| v. | |
| NEW JERSEY ATTORNEY GENERAL, | **MEMORANDUM & ORDER** |
| Defendant. | |

**CASTNER, District Judge**

Plaintiff Zumar Dubose is incarcerated at F.C.I. Raybrook in Raybrook, New York. Plaintiff, who is pro se, has filed a civil action, but he has not applied for *in forma pauperis* ("IFP") status or submitted the $405.00 filing fee. (*See* ECF. No. 1.)

The Prison Litigation Reform Act of 1995 (the "PLRA"), which amended 28 U.S.C. § 1915, requires a prisoner seeking IFP status to include an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). The PLRA also requires the prisoner to submit a copy of the inmate trust fund account statement for the six-month period immediately preceding the complaint's filing, which must be certified by the appropriate prison official. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined during the six-month period. *Id.*

After a prisoner is granted *in forma pauperis* status, he must pay the full amount of the $350.00 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1), (b)(2). Moreover, even if the

plaintiff pays the required fees and the Court accepts the complaint for filing, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

"The 'three strikes' rule prohibits a prisoner from proceeding IFP in a civil action or on appeal if, on three or more prior occasions, he has brought an action or appeal while incarcerated or detained that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury." *Millhouse v. Sage*, 639 F. App'x 792, 793 (3d Cir. 2016) (citing 28 U.S.C. § 1915(g)). To meet the "imminent danger" requirement, a prisoner must demonstrate "an adequate nexus" between the claims he seeks to pursue and the "imminent danger" he alleges. *See Ball v. Hummel*, 577 F. App'x. 96, 98 n.1 (3d Cir. 2014) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).

In his Complaint, Plaintiff alleges civil rights violations arising from a detainer placed on him by the New Jersey Attorney General and seeks to "remove" his state criminal actions to federal court. (*See* Complaint at 1-6.) Plaintiff further alleges that he is in "imminent danger" under § 1915(g) and provides facts about his conditions of confinement at FCI Raybrook. (*Id.* at 2-5.)

Because Plaintiff has not filed an IFP application or paid the filing fee, the Court will administratively terminate this action without directing the Clerk of Court to file the Complaint or assess a fee. If Plaintiff wishes to reopen this case, he must submit a complete IFP application or pay the $405.00 filing fee within 30 days. If Plaintiff has "three strikes" and is unable to pay the filing fee, he must still submit an IFP application to establish his indigency. Moreover, the Court

will require Plaintiff to clarify whether he is attempting to bring civil rights claims regarding his confinement at FCI Raybrook.

IT IS, therefore, on this ___ day of August 2024,

**ORDERED** that the Clerk of the Court is instructed to correct Plaintiff's name on the docket to read "ZUMAR DUBOSE"; and it is further

**ORDERED** the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter without filing the complaint or assessing a fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall submit a complete IFP application or pay the $405.00 filing fee within 30 days; Plaintiff shall address his submission to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608; and it is further

**ORDERED** that if Plaintiff has "three strikes" and is unable to pay the filing fee, he must still submit an IFP application within 30 days to establish his indigency; and it is further

**ORDERED** that Plaintiff shall also clarify whether he is seeking to bring civil rights claims regarding his conditions of confinement at F.C.I. Raybrook; and it is further

**ORDERED** that the Clerk shall serve copies of this Order and a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case upon Plaintiff by regular U.S. mail.

GEORGETTE CASTNER
United States District Judge

3